# NEW YORK SUPERIOR COURT.

THE GERMAN LIEDERKRANZ agt. LOUIS R. SCHIEMANN.

.A *summons* issued without a United States *revenue stamp* is irregular and void; and a subsequent affixing a stamp to it will not cure the defect. The act of congress, of July 1, 1862, requiring such stamps, is no improper interference with the powers of a state court. (*This is adverse to the decision in* Walton agt. *Bryenth,* 24 *How.* Pr. R., 357.)

*New York Special Term, September,* 1863.

MOTION to set aside summons as void without a United States revenue stamp, and also to set aside order of arrest.

Mr. MILLER, *for defendant.*
Mr. GOEPP, *for plaintiff.*

WHITE, J. It is not denied by the plaintiff that the summons was issued and served in this action without having the United States revenue stamp attached to it, as required by act of congress.

The provision of the act of congress requiring persons desirous of commencing an action to pay a stamp duty to the United States before issuing or using the process by which the suit must be commenced, is no improper interference with the powers of a state court. The suitor is a citizen of the United States as well as of the particular state in whose court he prosecutes, and is subject to taxation by the paramount authority of the United States as well as by the authority of the lesser or inferior sovereignty of the individual state.

Those taxes are in many cases imposed by requiring certain sums of money to be paid by the citizen for the right or privilege of performing certain necessary and lawful acts ; such as for the right to manufacture, for the right to exercise the functions of an auctioneer, for the right to administer an oath as a notary ; and there is no

more hardship, or interference with the authority of an individual state in prohibiting a citizen from prosecuting his private individual claim or remedy in any court, state or federal, without first paying the revenue duty imposed by the United States as a tax upon his exercise of that right, than there is in prohibiting him from exercising any of the ordinary rights above enumerated without first paying the United States tax attached to it.

The summons in this case having been issued without a revenue stamp was therefore never duly or regularly issued, and the subsequent affixing a stamp to it will not cure the defect. All the proceedings subsequent to the granting of the order of arrest must therefore be regarded as irregular and void, and the defendant must be discharged from his present arrest. But the order of arrest is not process by which a suit commenced, and is good without a revenue stamp; and upon the merits of this case I do not think that the affidavit of the defendant, denying that the money in question was collected by him in his official capacity, is sufficient as against the affidavit of the plaintiffs' president to the contrary to justify the court in setting aside or vacating the order of arrest. That part of the motion must therefore be denied.

No costs are granted to either party.